IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONSONETTE P.C. SMITH-MARRAS, )<br>)<br>      Plaintiff, )<br>)<br>  vs. )<br>)<br>GENERAL NUTRITION )<br>CORPORATION; USPLABS, LLC, )<br>S.K. LABORATORIES, INC.; DOE )<br>DEFENDANTS 1-100, )<br>)<br>      Defendants. )<br>_____ ) | CIVIL 15-00188 LEK-KSC |
| RONDEN MARRAS, )<br>)<br>      Plaintiff, )<br>)<br>  vs. )<br>)<br>USPLABS, LLC, JONATHAN )<br>VINCENT DOYLE (an )<br>individual), JACOB GEISSLER )<br>(an individual) a/k/a JACOBO )<br>GEISSLER, USPLABS OXYELITE, )<br>LLC, USPLABS OXYELITE PN, )<br>LLC, GNC CORPORATION, and )<br>DOES 1-500, Inclusive, )<br>)<br>      Defendants. )<br>_____ ) | CIVIL 15-00329 LEK-KSC |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS
AND ORDERING CONSOLIDATION OF CASES**

Before the Court are: 1) Defendants USPlabs, LLC ("USPlabs") and General Nutrition Corporation's ("GNC") Motion to Dismiss Plaintiff's Complaint in Smith-Marras v. General Nutrition Corp., et al., CV 15-00188 LEK-KSC ("CV 15-188 Defendants" and "CV 15-188 Motion"), filed on May 27, 2015; and

2) Defendants USPlabs, Jonathan Vincent Doyle ("Doyle"), Jacob Geissler ("Geissler"), USPlabs OxyElite, LLC ("OxyElite LLC"), USPlabs OxyElite PN, LLC ("OxyElite PN"), and GNC's Motion to Dismiss Plaintiff's Complaint in <u>Marras v. USPlabs, LLC, et al.</u>, CV 15-00329 LEK-KSC ("CV 15-329 Defendants" and "CV 15-329 Motion"), filed on September 18, 2015. [CV 15-188, dkt. no. 5; CV 15-329, dkt. no. 6.] Plaintiff Ronsonnette P.C. Smith-Marras ("Smith-Marras") filed her memorandum in opposition to the CV 15-188 Motion on August 3, 2015, and Plaintiff Ronden Marras filed his memorandum in opposition to the CV 15-329 Motion on November 2, 2015. [CV 15-188, dkt. no. 15; CV 15-329, dkt. no. 10.] The CV 15-188 Defendants filed their reply on November 10, 2015, and the CV 15-188 Defendants filed their reply on November 9, 2015. [CV 15-188, dkt. no. 28; CV 15-329, dkt. no. 12.] These matters came on for hearing on November 23, 2015. After careful consideration of the motions, supporting and opposing memoranda, and the arguments of counsel, the motions are HEREBY DENIED for the reasons set forth below. However, this Court HEREBY CONSOLIDATES CV 15-188 and CV 15-329 with <u>Pavao, et al. v. USPlabs, LLC, et al.</u>, CV 14-00367 LEK-KSC ("<u>Pavao</u>").

## BACKGROUND

On April 23, 2015, Smith-Marras filed her Complaint ("CV 15-188 Complaint") in the State of Hawai`i Circuit Court of the First Circuit. The CV 15-188 Defendants removed the case to

this district court based on diversity jurisdiction.  [CV 15-188, Notice of Removal, filed 5/20/15 (dkt. no. 1), at ¶ 6.] Ronden Marras filed his Complaint in this district court on August 17, 2015, based on diversity jurisdiction.  [CV 15-329, dkt. no. 1 at ¶ 1.]

Both cases arise from the death of Sonnette Marras, who died on or about October 8, 2013, as a result of liver failure allegedly caused by her use of an OxyElite Pro product ("Product") manufactured by USPlabs and sold by GNC.[1]  [CV 15-188 Complaint at ¶¶ 22-23; CV 15-329 Complaint at ¶¶ 49-51.] Sonnette Marras was Smith-Marras's and Ronden Marras's mother.  [CV 15-188 Complaint at ¶ 2; CV 15-329 Complaint at ¶ 47.]

The CV 15-188 Complaint alleges the following claims: wrongful death; intentional infliction of emotional distress ("IIED"); and negligent infliction of emotional distress ("NIED").  [CV 15-188 Complaint at pgs. 5-7.]  The CV 15-329 Complaint alleges the following claims: two negligence claims; two claims for strict products liability - manufacturing defect; two claims for strict products liability - design defect; two claims for strict products liability - failure to warn; and two

---

[1] The CV 15-188 Complaint also names SK Laboratories, Inc. ("SK Labs") as a defendant and alleges that SK Labs participated in the formulation, encapsulation, bottling, and labeling of the Product.  [CV 15-188 Complaint at ¶¶ 13-14.]  Smith-Marras, however, has not filed any proof that she served the Complaint on SK Labs, and it has not appeared in the case.

claims for breach of implied warranty.  [CV 15-329 Complaint at pgs. 45-72.]

On August 15, 2014, Plaintiffs Keahi Pavao; Derek Kamiya ("Kamiya"), as personal representative of the Estate of Sonnette Marras; Gary Powell ("Powell"), on behalf of and as conservator for M.P.C.F.S.M., a minor child, R.P.O.C.S.S.M., a minor child, M.P.C.I.H.S.M., a minor child, and M.K.C.S.M., a minor child (collectively, "the Minor Children"); Michael Soriano ("Soriano"); and Lance Taniguchi filed their Complaint.  [Pavao, dkt. no. 1.]  On July 15, 2015, they filed their First Amended Complaint ("Pavao Amended Complaint").  [Id., dkt. no. 172.]  The Pavao Amended Complaint also alleges that Sonnette Marras died because of her use of the Product.  Sonnette Marras was the Minor Children's mother, and Soriano's common-law wife.  [Id. at ¶¶ 57-61.]

The CV 15-188 Motion argues that: 1) this Court should dismiss CV 15-188 because it is duplicative of Pavao, and Hawai`i law only provides for a single wrongful death action; and 2) even if Smith-Marras can pursue a separate wrongful death action, this Court should dismiss the CV 15-188 Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted.  The CV 15-329 Motion makes the same arguments regarding CV 15-329.  In addition, the CV 15-329 Motion argues that this Court should dismiss the CV 15-329 Complaint

pursuant to Fed. R. Civ. P. 12(b)(1) as to Doyle and Geissler ("the Individual Defendants") and as to OxyElite LLC and OxyElite PN ("the Subsidiary Defendants") for lack of personal jurisdiction.

## DISCUSSION

### I. Hawaii's Wrongful Death Statute

Hawaii's wrongful death statute, Haw. Rev. Stat. § 663-3 states:

> (a) When the death of a person is caused by the wrongful act, neglect, or default of any person, the deceased's legal representative, or any of the persons enumerated in subsection (b), may maintain **an action** against the person causing the death or against the person responsible for the death. The action shall be maintained on behalf of the persons enumerated in subsection (b), except that the legal representative may recover on behalf of the estate the reasonable expenses of the deceased's last illness and burial.
>
> (b) In any action under this section, such damages may be given as under the circumstances shall be deemed fair and just compensation, with reference to the pecuniary injury and loss of love and affection, including:
>
> > (1) Loss of society, companionship, comfort, consortium, or protection;
> >
> > (2) Loss of marital care, attention, advice, or counsel;
> >
> > (3) Loss of care, attention, advice, or counsel of a reciprocal beneficiary as defined in chapter 572C;
> >
> > (4) Loss of filial care or attention; or

5

>        (5) Loss of parental care, training,
>        guidance, or education, suffered as a result
>        of the death of the person;
>
> by the surviving spouse, reciprocal beneficiary,
> children, father, mother, and by any person wholly
> or partly dependent upon the deceased person.  The
> jury or court sitting without jury shall allocate
> the damages to the persons entitled thereto in its
> verdict or judgment, and any damages recovered
> under this section, except for reasonable expenses
> of last illness and burial, shall not constitute a
> part of the estate of the deceased.  Any action
> brought under this section shall be commenced
> within two years from the date of death of the
> injured person, except as otherwise provided.

(Emphasis added.)  The CV 15-188 Defendants and the CV 15-329 Defendants argue that § 663-3 only allows for a single wrongful death action, brought on behalf of all of the persons identified in the statute.  This Court agrees.

Addressing a prior version of § 663-3, the Hawai`i Supreme Court stated: "It is the plain intent of section 246-2[2]

---

[2] R.L.H. § 246-2 stated:

> **Death by wrongful act.**  When the death of a person
> is caused by the wrongful act, neglect or default
> of any person or corporation, the deceased's legal
> representative, or any of the persons hereinafter
> enumerated, may maintain an action against the
> person or corporation causing the death or against
> such person or corporation responsible for such
> death, on behalf of the persons hereinafter
> enumerated.
>
> In any such action under this section, such
> damages may be given as under the circumstances
> shall be deemed fair and just compensation, with
> reference to the pecuniary injury and loss of love
> and affection, including (a) loss of society,
>                                      (continued...)

that all of the persons enumerated therein **shall join in one action** and be governed by the provisions of that section, so far as the right to sue for the wrongful death itself is concerned." Rohlfing v. Moses Akiona, Ltd., 45 Haw. 373, 393-94, 369 P.2d 96, 106-07 (1961) (emphasis added), *overruled on other grounds by* Greene v. Texeira, 54 Haw. 231, 505 P.2d 1169 (1973).

        Although this Court agrees that § 663-3 only permits one wrongful death action, it disagrees with the defendants' position that dismissal is the remedy for the filing of multiple wrongful death actions. The Hawai`i Supreme Court has recognized that, under § 663-3, "the decedent's surviving spouse, children,

---

[2](...continued)
    companionship, comfort, consortium or protection,
    (b) loss of marital care, attention, advice or
    counsel, (c) loss of filial care or attention or
    (d) loss of parental care, training, guidance or
    education suffered as a result of the death of the
    person by the surviving spouse, children, father,
    mother, and by any person wholly or partly
    dependent upon the deceased person. The jury or
    court sitting without jury shall allocate the
    damages to the persons entitled thereto in its
    verdict or judgment, and any damage recovered
    under this section, except for reasonable expenses
    of last illness and burial, shall not constitute a
    part of the estate of the deceased. If an action
    is brought pursuant to this section and a separate
    action brought pursuant to section 246-6, such
    actions may be consolidated for trial on the
    motion of any interested party, and a separate
    verdict, report or decision may be rendered as to
    each right of action. Any action brought under
    this section shall be commenced within two years
    from the date of death of such injured person.

parents and dependents **each** are granted by the statute, the right, **independent of one another**, to recover under the wrongful death statute." Hun v. Ctr. Props., 63 Haw. 273, 279-80, 626 P.2d 182, 187 (1981) (emphases added).  Because Smith-Marras and Ronden Marras each have a right – independent of each other's rights and independent of Kamiya, Powell, and Soriano's rights – to recover under § 663-3, this Court DENIES the CV 15-188 Motion and the CV 15-329 Motion as to the request for dismissal pursuant to § 663-3.  Further, based on the clear language in both § 663-3 and Hawai`i case law stating that only one wrongful death action is permitted, this Court HEREBY CONSOLIDATES CV 15-188 and CV 15-329 with Pavao.

## II. Fed. R. Civ. P. 12(b)(1)

The CV 15-329 Defendants argue that this Court does not have personal jurisdiction over the Individual Defendants and the Subsidiary Defendants.  However, the jurisdictional allegations in the CV 15-329 Complaint, [CV 15-329 Complaint at ¶¶ 3-41,] are substantively identical to those in the First Amended Complaint in Davidson, et al. v. USPlabs, LLC, et al., CV 14-00364 LEK-KSC ("Davidson").  [Davidson, First Amended Complaint, filed 7/2/15 (dkt. no. 228), at ¶¶ 3-41.]  This Court has analyzed those allegations and concluded that: the allegations are sufficient to plead a prima facie showing that the Individual Defendants and the Subsidiary Defendants are the alter egos of USPlabs, which

has not contested jurisdiction in the cases arising from liver damage allegedly caused by the Product; and there is personal jurisdiction over the Individual Defendants and the Subsidiary Defendants based on the alter ego theory. [Davidson, Order Denying Motion to Dismiss, filed 10/30/15 (dkt. no. 280) ("Davidson 10/30/15 Order"), at 9-16.] Pursuant to the analysis in the Davidson 10/30/15 Order, this Court CONCLUDES that it has personal jurisdiction over the Individual Defendants and the Subsidiary Defendants in CV 15-329 based on an alter ego theory. The Court therefore DENIES the CV 15-329 Motion as to the personal jurisdiction issue.

### III. Fed. R. Civ. P. 12(b)(6)

Both motions argue that the respective complaints fail to state a claim upon which relief can be granted.

#### A. The CV 15-329 Complaint

The claims in the CV 15-329 Complaint are substantively identical to the claims in Davidson. For the reasons stated in the Davidson 10/30/15 Order at 16-18, and in the prior orders cited in the Davidson order, this Court CONCLUDES that Ronden Marras's claims in the CV 15-329 Complaint are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955 (2007))). This Court therefore DENIES the CV 15-329 Motion as to the request for dismissal pursuant to Rule 12(b)(6).

**B.   The CV 15-188 Complaint**

The CV 15-188 Defendants argue that Smith-Marras's wrongful death claim fails to state a plausible claim because the CV 15-188 Complaint does not contain sufficient allegations regarding how the Product was defective or how the Product caused Sonnette Marras's injuries and death. Although the allegations in the CV 15-188 Complaint are not as extensive as the allegations in the Davidson First Amended Complaint, they are similar, and this Court concludes that the same analysis applies to Smith-Marras's wrongful death claim that this Court applied to the claims in Davidson. For the same reasons set forth in the Davidson 10/30/15 Order, as well as in this Court's orders in the related cases, this Court concludes that Smith-Marras's wrongful death claim states a claim that is plausible on its face. The CV 15-188 Motion is therefore DENIED as to the request to dismiss Smith-Marras's wrongful death claim.

As to Smith-Marras's IIED claim, the CV 15-188 Defendants argue that Smith-Marras has not pled sufficient allegations of causation, and that the allegations of the CV 15-188 Complaint do not rise to the level of outrageousness necessary to support an IIED claim. This Court has rejected the

CV 15-188 Defendants' causation argument as to Sonnette Marras's injuries and death. The CV 15-188 Complaint alleges that Sonnette Marras's death as a result of "untested and unreliable ingredients" in the Product caused Smith-Marras to suffer extreme emotional distress. [CV 15-188 Complaint at ¶ 31.] Viewing the allegations of the CV 15-188 Complaint as a whole, this Court concludes that they are sufficient to allege the causation element of an IIED claim. See Young v. Allstate Ins. Co., 119 Hawai`i 403, 429, 198 P.3d 666, 692 (2008) (stating the elements of an IIED claim).

As to the element that the defendant's act was outrageous, the Hawai`i Supreme Court has stated:

> "The term 'outrageous' has been construed to mean without just cause or excuse and beyond all bounds of decency." Enoka v. AIG Hawai`i Ins. Co., Inc., 109 Hawai`i 537, 559 128 P.3d 850, 872 (2006) (citations and some internal quotation marks omitted). "The question whether the actions of the alleged tortfeasor are unreasonable or outrageous is for the court in the first instance, although where reasonable people may differ on that question it should be left to the jury." Takaki v. Allied Machinery Corp., 87 Hawai`i 57, 68, 951 P.2d 507, 518 (App. 1998) (quotations and quotation marks omitted).

Young v. Allstate Ins. Co., 119 Hawai`i 403, 429, 198 P.3d 666, 692 (2008). The CV 15-118 Complaint alleges, *inter alia*, that: Defendants withdrew a prior version of the Product from the market because the United States Food and Drug Administration ("FDA") found that the prior version contained an illegal

stimulant which could cause cardiovascular problems; after a reformulation, Defendants replaced the prior version with the Product that Sonnette Marras consumed, but the reformulated version contained aegeline, which had not been sufficiently tested; the FDA notified USPlabs in October 2013 that it objected to the distribution and sale of the Product; and the FDA notified USPlabs in November 2013 about a possible link between use of the Product and reports of liver damage in Hawai`i and other states.

The allegations in the CV 15-188 Complaint do not simply recite the elements of the IIED claim; the allegations are sufficient to give the CV 15-188 Defendants fair notice of Smith-Marras's IIED claim and to allow them to defend themselves effectively. This Court must therefore assume that the factual allegations supporting Smith-Marras's IIED claim are true. See Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014). Assuming that the factual allegations in support of Smith-Marras's IIED claim are true, this Court cannot decide the outrageousness issue as a matter of law because reasonable minds could differ on the issue of whether the CV 15-188 Defendants' conduct was outrageous. This Court therefore CONCLUDES that Smith-Marras's IIED claim states a claim that is plausible on its face. The CV 15-188 Motion is DENIED as to the request to dismiss Smith-Marras's IIED claim.

As to Smith-Marras's NIED claim, the CV 15-188 Defendants argue that it fails to state a plausible claim because: Smith-Marras did not allege that they owed her a duty and that they breached that duty; and Smith-Marras cannot rely on any duty that they allegedly owed to Sonnette Marras.[3]  See Toguchi v. Matayoshi, Civil No. 13-00380 DKW-KSC, 2014 WL 7420003, at *6 (D. Hawai`i Dec. 31, 2014) (stating the elements of an NIED claim).  The CV 15-188 Complaint alleged that: the CV 15-188 Defendants had a duty "to not cause serious mental distress as a result of consuming" the Product; and they breached this duty when they supplied the Product "to **Plaintiff** intending for her to consume it."  [CV 15-188 Complaint at ¶¶ 34-35 (emphasis added).]  Reading the CV 15-188 Complaint as a whole, the allegation that Defendants supplied the Product to Plaintiff, *i.e.* to Smith-Marras, is clearly a mistake.  Reading the CV 15-188 Complaint as a whole, it is apparent that it was Sonnette Marras who consumed the Product.  See, e.g., id. at ¶¶ 2, 22.  Further, even though it was Sonnette Marras who consumed the Product and allegedly suffered injuries as a result, Hawai`i law allows Smith-Marras to bring an NIED claim for the emotional

---

[3] The CV 15-188 Defendants also argue that the NIED claim fails because Smith-Marras failed to plead sufficient allegations that the Product is dangerous and that it caused Sonnette Marras's death.  For the same reasons set forth as to her wrongful death claim and her IIED claim, the Court rejects this argument.

distress that she suffered as a result of the injuries to Sonnette Marras.

Dolan v. Hilo Medical Center involved claims arising from a surgical procedure during which pieces of a screwdriver were implanted into Arturo Iturralde's spine instead of the intended titanium rods.  127 Hawai`i 325, 329-30, 278 P.3d 382, 386-87 (Ct. App. 2012).  A jury, *inter alia*, found in favor of Arturo as to his negligence claim against Hilo Medical Center ("HMC") and Robert Ricketson, M.D., the surgeon who performed the procedure.  The circuit court ruled that, although HMC and Dr. Ricketson were jointly and severally liable for Arturo's damages, they were not liable for damages to Rosalinda Iturralde,[4] in her individual capacity, on her NIED claim because her claim "was derivative of Arturo's injuries and death."  Id. at 331, 278 P.3d at 388.  The Hawai`i Intermediate Court of Appeals held that the circuit court erred because:

> An NIED claim is only "derivative" in the sense that it generally does not arise absent a "predicate injury either to property or to another person" that is separate from the claimant's psychological injury.  [Doe Parents No. 1 v. State, Dep't of Educ., 100 Hawai`i 34,] 69, 58 P.3d [545,] 580 [(2002)].  Here, Arturo's injuries and death comprise the requisite predicate injury.  Rosalinda's NIED claim for her own injuries, however, is "independent and separate" from those of Arturo.  Torres v. Nw. Eng'g Co., 86 Hawai`i 383, 404-05, 949 P.2d 1004, 1025-26 (App. 1997)

---

[4] Rosalinda was "Arturo's younger sister and caretaker." Dolan, 127 Hawai`i at 330, 127 P.3d at 387.

>               (quoting <u>Tabieros v. Clark Equip. Co.</u>, 85 Hawai`i
>               336, 361, 944 P.2d 1279, 1304 (1997) (internal
>               quotation marks and citation omitted)). . . .

<u>Id.</u> at 344-45, 278 P.3d 382, 401-02.

      Similarly, in the instant case, Sonnette Marras's injuries and death constitute the predicate injury, and Defendants' duties to Sonnette Marras as a consumer of their Product provide the required duty, but Smith-Marras may pursue an independent and separate claim for the emotional distress that she suffered as a result of Sonnette Marras's injuries and death. This Court CONCLUDES that Smith-Marras's NIED claim states a claim that is plausible on its face. The CV 15-188 Motion is therefore DENIED as to the request to dismiss Smith-Marras's NIED claim.

      The CV 15-188 Defendants also argue that the CV 15-188 Complaint should be dismissed because it does not differentiate between them. This Court rejects this argument and concludes that the allegations of the CV 15-188 Complaint are sufficient to put each of the CV 15-188 Defendants on notice of the claims against it. The CV 15-188 Motion is therefore DENIED in its entirety.

**III. <u>Ronden Marras's Request for Sanctions</u>**

      Finally, in his memorandum in opposition to the CV 15-329 Motion, Ronden Marras argues that the motion "bring[s] identical challenges on identical allegations which have been

settled by this Court." [CV 15-329, Mem. in Opp. at 6.] He urges this Court to impose sanctions pursuant to Fed. R. Civ. P. 11. Rule 11(c)(2) states, in pertinent part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. . . .

This Court therefore cannot consider a request for Rule 11 sanctions presented within a memorandum in opposition to a motion to dismiss. This Court DENIES Ronden Marras's request for Rule 11 sanctions. This Court expresses no opinion as to whether or not it would award Rule 11 sanctions to Ronden Marras if he files a motion that complies with Rule 11(c)(2).

## **CONCLUSION**

On the basis of the foregoing, the Motion to Dismiss Plaintiff's Complaint, filed on May 27, 2015 in <u>Smith-Marras v. General Nutrition Corp., et al.</u>, CV 15-00188 LEK-KSC, and the Motion to Dismiss Plaintiff's Complaint, filed on September 18, 2015 in <u>Marras v. USPlabs, LLC, et al.</u>, CV 15-00329 LEK-KSC, are HEREBY DENIED. However, this Court HEREBY CONSOLIDATES CV 15-188 and CV 15-329 with <u>Pavao, et al. v. UPSlabs, LLC, et al.</u>, CV 14-00367 LEK-KSC.

In addition, Ronden Marras's request for sanctions pursuant to Fed. R. Civ. P. 11 is DENIED WITHOUT PREJUDICE to the filing of a motion that complies with the requirements of Fed. R. Civ. P. 11(c)(2).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 9, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONSONETTE P.C. SMITH-MARRAS VS. GENERAL NUTRITION CORPORATION, ET AL; CIVIL 15-00188 LEK-KSC; RONDEN MARRAS VS. USPLABS, LLC, ET AL; CIVIL 15-00329 LEK-KSC; ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND ORDERING CONSOLIDATION OF CASES**